UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward R. Anthony, | ) | Civil Action No. 9:21-1143-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Probation, | ) | |
| Parole, and Pardon Services, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 19, 2021, Petitioner Edward R. Anthony ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On September 22, 2021, Respondent South Carolina Department of Probation, Parole, and Pardon Services ("Respondent") filed a motion for summary judgment. (ECF No. 26.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for review.

The Magistrate Judge issued an order on September 23, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the pending motion and the possible consequences if he failed to respond. (ECF No. 27.) On October 28, 2021, instead of a response to the summary judgment motion, Petitioner filed a motion to reverse and vacate (ECF No. 29.) Respondent filed a response in opposition to the motion to reverse and vacate on November 12, 2021. (ECF No. 32.) This matter was then ripe for review. The Magistrate Judge considered the parties' submissions and the record in this case, and recommended that Respondent's motion for summary judgment be granted, Petitioner's motion to reverse and vacate be denied, and the Petition be dismissed *with prejudice*. (*See* ECF No. 34.) Attached to the Report and Recommendation

("Report") was a notice advising the parties of the right to file objections to the Magistrate Judge's Report within fourteen days of receiving a copy. (*Id.* at 24.) To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate. Accordingly, the Court adopts and incorporates the Report (ECF No. 34), grants Respondent's motion for summary judgment (ECF No. 26), denies Petitioner's motion to reverse and vacate (ECF No. 29) and dismisses the Petition *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 19, 2022
Charleston, South Carolina

****** 

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.